# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| HAURY'S AUTO BODY, INC. *et al.*,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY, *et al.*,<br><br>　　　　　　　　　Defendants. | **Case No. 6:14-MD-02557-GAP-TBS**<br><br>**RE: No. 6:14-CV-06015-GAP-TBS** |

### GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY AND GOVERNMENT EMPLOYEES INSURANCE COMPANY'S MOTION FOR ATTORNEYS' FEES

Defendants GEICO General Insurance Company, GEICO Indemnity Company and Government Employees Insurance Company (collectively "GEICO") move this Court for their attorneys' fees incurred in defending against Plaintiffs' Complaint in the estimated amount of **$41,901.50**.[1]  From the time Plaintiffs filed their Complaint, and before GEICO filed its motion to dismiss, Plaintiffs and their counsel knew that the Complaint could not survive a motion to dismiss.  Plaintiffs' Complaint is one in a series of nearly identical complaints filed by the same national counsel in cases consolidated for pretrial purposes in this MDL.  Even before Plaintiffs filed their Complaint, this Court had dismissed a nearly identical complaint in another case in this MDL and, by the time GEICO filed its motion to dismiss, this Court had dismissed yet another nearly identical complaint in the same companion case.  Plaintiffs' insistence on pursuing claims that Plaintiffs and their counsel *knew* – and conceded in public statements, filings and open court – would not survive a motion to dismiss was in bad faith, vexatious and wanton and Plaintiffs lacked an objectively reasonable basis for pursuing these claims.  GEICO should be awarded its attorneys' fees for having to defend against these claims.

GEICO is entitled, under 28 U.S.C. § 1927 and the Court's inherent power, to its attorneys' fees for having to defend against Plaintiffs' Complaint.  *See*, *e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (holding that federal courts have inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons") (internal citation and quotation marks omitted).  This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Dan Goldfine, attached as Exhibit A ("Goldfine Declaration"), the Itemized Statement of Attorneys' Fees, attached as Exhibit B, and the entire record before this Court.

---

[1] The fees associated with this motion and any reply in support of this motion are estimated at this time and will be supplemented when the briefing on this motion is complete.  *See* Fed. R. Civ. P. 54(d) (permitting a motion to include a "fair estimate" of the amount sought).

**MEMORANDUM IN SUPPORT**

I. **PLAINTIFFS AND THEIR COUNSEL'S PURSUIT OF PLAINTIFFS' COMPLAINT WAS IN BAD FAITH, VEXATIOUS AND WANTON**

On November 7, 2014, Plaintiffs filed a Complaint that was a copycat of the Complaint already dismissed by this Court in *A&E Auto Body, Inc., et al. v. 21st Century Centennial Ins. Co., et al.*, No. 6:14-cv-310-Orl-31TBS in June 2014. *See* No. 6:14-cv-310-Orl-31TBS (M.D. Fla. June 11, 2014) (Doc. 110). In January 2015, this Court again dismissed an amended complaint in *A&E* that was nearly identical in substance to Plaintiffs' Complaint here. *See id.* at Jan. 21, 2015 Order amended January 22, 2015 to correct scrivener's error (Doc. 293). The plaintiffs in *A&E* (Doc. 296) filed an amended complaint on February 11, 2015, before GEICO's response to Plaintiffs' Complaint in this case was due.

Plaintiffs are represented by the same national counsel (the Eaves Law Firm) as the plaintiffs in *A&E*.[2] Plaintiffs and their counsel did nothing to fix the copycat Complaint – a Complaint its counsel knew this Court had already found to be deficient.[3] Knowing that a nearly identical complaint had already been dismissed twice because it was deficient, Plaintiffs could have dismissed their claims under Federal Rule of Civil Procedure 41(a) or amended their Complaint under Rule 15(a)(1)(B), because GEICO had not yet responded to the Complaint. Instead, Plaintiffs forced GEICO to file another Motion to Dismiss, and forced this Court to again rule on a Motion to Dismiss it had already effectively decided.[4] GEICO filed its Motion to Dismiss on February 20, 2015 (Doc. 20).

Before Plaintiffs responded to GEICO's Motion to Dismiss (Doc. 22), on February 27, 2015, this Court dismissed another nearly identical complaint in *Capitol Body Shop, Inc., et*

---

[2] In this context, counsel refers to the national counsel who have appeared in the MDL cases and include John Arthur Eaves, Jr., John Arthur Eaves, Sr. and Allison Fry. Local Washington counsel also appeared in this case and actually filed the Complaint (Doc. 1).

[3] GEICO is not asserting and does not concede that the amended complaint in *A&E* is any less deficient than the original complaint in that case or the Complaint here, but the plaintiffs in that cases did (because the Court ordered them to) file an amended complaint; the Plaintiffs here did nothing.

[4] The egregiousness of Plaintiffs' (and their counsel's) refusal to voluntarily amend or dismiss the Complaint is amplified when you consider that this same counsel knowingly pursued nearly identical deficient claims in numerous other cases that have been consolidated in this MDL.

*al. v. State Farm Mutual Automobile Insurance Company, et al.*, 6:14-cv-06000-GAP-TBS (Doc. 83). Plaintiffs and their counsel also admitted that they knew the claims asserted in Plaintiffs' Complaint (Doc. 1) would not survive GEICO's Motion to Dismiss. At the March 6, 2015 Status Conference in this case (as well as all of the consolidated cases) before Judge Smith, Plaintiff's counsel stated:

> We fully anticipate the Court will rule consistent with prior rulings, and we will amend consistent with that direction. But I'm not quite sure how it saves time when the Court's going to order me to amend anyway.

*See* Excerpt of Tr. of March 6, 2015 Status Conference, attached as Ex. C, at 27.

This is not the first time Plaintiffs' national counsel publicly admitted they had knowingly filed deficient complaints and forced GEICO to file motions to dismiss. *See* Stacey Phillips, *Large Portion of Antitrust Multidistrict Litigation in FL Dismissed, Refiled by Plaintiffs*, Autobody News (January 23, 2015), http://www.autobodynews.com/autobodynews/industry-news/item/9474-largeportionofantitrustmultidistrictlitigationinfldismissedrefiledbyplaintiffs.html ("John Eaves . . . the lead lawyer . . . said this was not a surprise. 'We anticipated [the dismissal],' said Eaves. 'This is what was done the first time we filed a complaint in Florida. My interpretation is that [Judge Presnell] wanted a lot more of the actual facts and details in the complaint . . . instead of something so general.'"); *Court Dismisses Six Parts of Florida Antitrust Suit, Kills a Seventh*, BodyShop Business (January 26, 2015), http://www.bodyshopbusiness.com/court-dismisses-six-parts-florida-lawsuit-kill-seventh/ (Plaintiff's counsel quoted as stating "We have been expecting this, quite frankly, in reading the court at both the hearing and in previous rulings. We anticipated this would be the road he would take, and he did . . . .").

GEICO's Motion to Dismiss noted Plaintiffs' Complaint was nearly identical to the previously dismissed *A&E* complaint and that it had already made the same or similar

arguments in *A&E*. Doc. 20 at 1-3, n. 3. Plaintiffs, knowing that their Complaint would ultimately be dismissed, still could have saved GEICO and the Court from wasting additional resources and dismissed their Complaint under Rule 41(a) or tried to save their Complaint by amending it under Rule 15(a)(1)(B). Instead, Plaintiffs filed a response to GEICO's Motion to Dismiss on March 17, 2015 (Doc. 22).

Within days of filing their opposition to GEICO's Motion to Dismiss, in a March 19, 2015 filing, Plaintiffs' counsel admitted Plaintiffs' Complaint and 17 nearly identical complaints should be dismissed. *See* MDL No. 6:14-md-2557, Doc. 166 at ¶ 6. In that filing, Plaintiffs' counsel explicitly stated that they "anticipate each and every case will result in an order to amend." *Id*. Plaintiffs still could have withdrawn their opposition and saved GEICO the effort of filing a reply and this Court the effort of having to consider GEICO's Motion to Dismiss, but they did not.

As all Parties expected, on June 3, 2015, Judge Smith filed a Report and Recommendation that recommended dismissal of all of Plaintiffs' claims. Doc. 27. Judge Smith recognized that the allegations in this case are similar to the previously dismissed allegations in *A&E* and, therefore, copied the summary from *A&E* verbatim in his Report and Recommendation. *Id.* at 2. Also, unsurprisingly, in recommending dismissal of Plaintiffs' Complaint, Judge Smith quoted extensively from the dismissal order in *A&E*. *See*, *e.g.*, *id.* at 6-8, 13. In dismissing Plaintiffs' antitrust claims, Judge Smith concluded that the claims were "indistinguishable" from those asserted by the plaintiffs in *A&E* and recommended dismissal for the same reasons as the *A&E* claims were dismissed. Plaintiffs even filed an objection to the Report and Recommendation, Doc. 31, that did not challenge Judge Smith's recommendation that the antitrust, Washington Consumer Protection Act or conversion claims be dismissed but did challenge the recommendation that Plaintiffs' *quantum meruit*, unjust enrichment and tortious interference claims be dismissed, asserting the same grounds asserted in Plaintiffs' response to GEICO's Motion to Dismiss and the same grounds this Court had

already rejected numerous times.  *See*, *e.g.*, *A&E* at Doc. 110; *Capitol* at Doc. 83.

On August 17, 2015, the Court granted GEICO's Motion to Dismiss.  Doc. 35.  As Plaintiffs' counsel conceded multiple times, this result was expected long before GEICO filed its Motion to Dismiss.  The Court also granted Plaintiffs leave to file an amended complaint by September 8, 2015, which was subsequently extended to September 18, 2015.  *Id.*; Case No. 6:14-md-2557, Doc. 228.  The deadline for Plaintiff to file an amended complaint has passed without filing an amended complaint.  Therefore, Plaintiff's claims have all been dismissed with prejudice.  *See*, *e.g.*, *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1128 n.3 (11th Cir. 1994) (holding that a dismissal without prejudice becomes a dismissal with prejudice if a timely amendment is not filed); *Schuurman v. Motor Vessel*, 798 F.2d 442, 445-46 (11th Cir. 1986) (same); *Sibson v. Midland Mortgage Co.*, 235 B.R. 672, 674-75 (M.D. Fla. 1999) (same).

## II. GEICO IS ELIGIBLE AND ENTITLED TO RECOVER ITS ATTORNEYS' FEES FROM PLAINTIFFS AND THEIR COUNSEL

Federal courts have inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46 (internal citation and quotation marks omitted).  In exercising this inherent power, the Court may sanction the client or the attorney.  *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).  The Court's inherent power to sanction an attorney is co-extensive with 28 U.S.C. § 1927.  *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1252 (11th Cir. 2006).  The Court retains its inherent power to sanction a party even if there is a statute or rule otherwise available under which the Court could sanction the party.  *Chambers*, 501 U.S. at 46.

Whether a party or attorney acted in bad faith or vexatiously can be either subjective or objective.  *Murray v. Playmaker Servs., LLC*, 548 F. Supp. 2d 1378, 1382 (S.D. Fla. 2008) *aff'd*, 325 F. App'x 873 (11th Cir. 2009) (citing *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500

F.3d 1230, 1239-40 (11th Cir. 2006)). Conduct which is reckless will satisfy this standard. *Amlong & Amlong*, 500 F.3d at 1240. "Determining whether conduct is reckless necessarily involves comparing the conduct objectively against the conduct of a reasonable attorney." *Id.* Courts have sanctioned attorneys for pursing claims when they knew from rulings in other cases in an MDL that there was no reasonable basis for pursuing the claims, *see In re Silica Products Liab. Litig.*, 398 F. Supp. 2d 563, 676 (S.D. Tex. 2005), and where a plaintiff has asserted a claim that had previously been rejected, *see Sharrow v. Fish*, 501 F. Supp. 202, 205 (S.D.N.Y. 1980), and where a plaintiff over-pled to multiply the proceedings improperly, *see Hicks v. Arthur*, 891 F. Supp. 213, 215 (E.D Pa. 1995) *aff'd*, 91 F.3d 123 (3d Cir. 1996).

Here, Plaintiffs (and their counsel) knew they had asserted claims that could not withstand a motion to dismiss and knew that their Complaint was nearly identical to complaints that had previously been dismissed. Plaintiffs' counsel explicitly conceded as much on the record, in public statements, in court and in filings to this Court, but pursued these claims anyway. This is vexatious and improper.

Plaintiffs' Complaint also improperly relied on group pleading and, as this Court recognized, alleged nothing about conduct undertaken by GEICO. Nor have Plaintiffs ever asserted facts **about GEICO** to support their claims.

Knowing they had asserted claims that were doomed from the start and knowing they had to allege facts about GEICO for their claims against GEICO to survive, Plaintiffs could have spared GEICO and this Court's resources by dismissing their claims before GEICO's time to respond. Plaintiffs also could have amended their Complaint to attempt to allege claims that could survive a motion to dismiss and facts about GEICO to support those claims. Instead, Plaintiffs stood on their fatally deficient Complaint and never even attempted to fix the deficiencies or allege facts about GEICO, even after their claims were dismissed (initially) without prejudice. Plaintiffs and their counsel have indisputably pursued claims vexatiously and in bad faith, have unnecessarily expanded the litigation, have wasted the Court's scarce

resources, and pursued claims without a reasonable basis.

In *Byrne v. Nezhat*, the Eleventh Circuit upheld the district court's award of $382,878.22 in attorneys' fees to defendants and against plaintiff's attorney, Byrne, after Byrne brought and pursued the same claims that had been rejected on summary judgment ***in another plaintiff's state court action against the same defendants***. 261 F.3d 1075. Byrne had been engaged as local counsel for the plaintiff (Manov) by an attorney who represented another plaintiff (Mullen) in a state court action against the same defendants. *Id.* at 1088. Mullen's complaint alleged RICO and racketeering claims, which were rejected by the superior court on summary judgment. *Id.* at 1090–91. Mullen appealed and while the appeal was pending, Byrne filed Manov's complaint, which alleged RICO and racketeering claims similar to those that had already been dismissed by the superior court in *Mullen*. *Id.* at 1091-92. Not long after filing Manov's amended complaint, the state court of appeals upheld summary judgment against Mullen. *Id.* at 1111. Despite being aware of this decision (even though he was not the attorney of record for Mullen's case), Byrne "neither withdrew the claim nor sought leave to file a repleader. Instead, he continued to prosecute the RICO claim with vigor until the court disposed of the claim . . . ." *Id.* at 1117. Based primarily on this conduct, the court held that "Byrne [had] filed a frivolous lawsuit in bad faith, for the purpose of extorting a settlement from the defendants" and that it "would be remiss if [it] did not affirm the district court's imposition of monetary sanctions against Byrne under § 1927 and the court's inherent power as well as under Rule 11." *Id.* This Court should similarly award GEICO its attorneys' fees because Plaintiffs and their counsel filed and pursued a lawsuit they knew could not withstand a motion to dismiss.

### III.     **GEICO'S REQUESTED FEES ARE REASONABLE AND APPROPRIATE**

GEICO is entitled to recover its reasonable fees expended in defending against the conduct Plaintiffs undertook in bad faith. *See*, *e.g.*, *Rodriguez v. Marble Care Int'l, Inc.*, 863 F. Supp. 2d 1168, 1185 (S.D. Fla. 2012) (awarding fees incurred after the plaintiff should

have known the claim lacked merit); *Murray*, 548 F. Supp. 2d at 1383 (same). "The starting point to determine an objective estimate of the value of professional services is to calculate the lodestar amount – by multiplying a reasonable hourly rate by the number of hours reasonably expended." *Rodriguez*, 863 F. Supp. 2d at 1185.

GEICO's requested fees are derived from actual fees billed by its attorneys and an estimate of the remaining fees GEICO anticipates incurring in filing this motion and a reply in support of this motion. Goldfine Declaration ¶¶ 2, 5.[5] GEICO's counsel reviewed fees actually billed and removed any time entries that were redundant or unrelated to the defense of this case. Goldfine Declaration ¶ 4. GEICO also redacted the time entries for attorney-client privileged communications and work product. *Id.*[6] GEICO incurred fees for its attorneys' analysis of Plaintiffs' claims, the transfer of Plaintiffs' claims to the MDL and various filings related to the claims including preparation of a motion to dismiss and reply, and preparation of a response to Plaintiffs' objection to Magistrate Judge Smith's Report and Recommendation. Goldfine Declaration ¶ 2. GEICO incurred fees totaling $31,901.50 for 101.9 hours of attorney time and 4.1 hours of paralegal time, not including the additional briefing related to this motion. Goldfine Declaration ¶ 2. GEICO estimates it will incur an additional $10,000 in fees and will file a supplement with the Court when the briefing on this motion is complete. Goldfine Declaration ¶ 5. The rates GEICO was charged are reasonable given GEICO's attorneys' level of skill and experience. Goldfine Declaration ¶ 3. GEICO requests a total estimated fee award of **$41,901.50**.

The fees requested by GEICO are reasonable and were actually incurred. In addition, Plaintiffs' national counsel's tactic of filing multiple cases in various jurisdictions – including Washington, without a factual basis to support these claims, falsely hoping that at least one

---

[5] Some of the tasks on which GEICO's counsel worked furthered GEICO's defense in more than one of the cases in this MDL. In such a circumstance, the fee for that task was divided between all of the impacted cases. The submitted fees reflect this division.

[6] If the Court deems it necessary, GEICO will make unredacted copies of its time entries available for *in camera* review.

claim would survive, unnecessarily expanded the litigation and drove up GEICO's fees. GEICO had to address each case – including the Washington case – as if it would lead to a negative outcome in 17 other cases (if not more) filed by Plaintiffs' national counsel and would be treated not as an individual case, but a leader in "The Movement." *See*, *e.g.*, Stacey Phillips, *More Lawsuits Filed in Additional States Against Nation's Top Insurers*, Autobody News (November 25, 2014) http://www.autobodynews.com/autobodynews/industry-news/item/9217-morelawsuitsfiledinadditionalstatesagainstnationstopinsurers.html (discussing the MDL and "The Movement").

## IV. CONCLUSION

Plaintiffs forced GEICO to move to dismiss and this Court to expend resources addressing claims that Plaintiffs and their counsel *knew* – and conceded in public statements, filings and open court – would not survive GEICO's motion. Doing so was in bad faith, vexatious and wanton and Plaintiffs lacked an objectively reasonable basis. GEICO respectfully requests that the Court, under 28 U.S.C. § 1927 and the Court's inherent power, award GEICO its attorneys' fees for having to defend against Plaintiffs' Complaint.

### Local Rule 3.01(g) Certification

GEICO's counsel, Josh Grabel, conferred with Plaintiffs' Counsel, Allison Fry, before filing this Motion and the parties have been unable to agree on resolution of the Motion.

DATED this 30th day of September, 2015.

                              LEWIS ROCA ROTHGERBER LLP

                              By: */s/ Dan. W. Goldfine*
                                  Dan W. Goldfine
                                  Joshua Grabel
                                  Ian M. Fischer
                                  Jamie L. Halavais
                                  201 E. Washington Street, Suite 1200
                                  Phoenix, Arizona  85004
                                  Telephone: 602-262-5311
                                  Facsimile:  602-262-5747
                                  Email: dgoldfine@lrrlaw.com
                                                jgrabel@lrrlaw.com
                                                ifischer@lrrlaw.com
                                                jhalavais@lrrlaw.com

                                  Attorneys for GEICO General Insurance
                                  Company, GEICO Indemnity Company,
                                  Government Employees Insurance Company

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of September, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                                                            */s/ Dan W. Goldfine*
                                                            Dan W. Goldfine