**IN THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HAURY'S AUTO BODY, INC., ET AL.**                                      **PLAINTIFFS**

**VS.**                                                      **CAUSE NO. 6:14-CV-6015**

**STATE FARM MUTUAL AUTOMOBILE
    INSURANCE CO., ET AL.**                                         **DEFENDANTS**

---

**PLAINTIFFS' RESPONSE TO MOTION
FOR ATTORNEY'S FEES AND EXPENSES**

---

Come Now, Plaintiffs in the above-captioned cause, and submit this, their Response to the

Motion for Attorney's Fees and Expenses filed by GEICO Defendants ("GEICO") and state to the

Court the following:

As set forth in detail in a collateral pleading, the entirety of GEICO's motion for fees and

expenses is predicated upon complete misrepresentations of law and fact.  However, even were that

not the case, affirmative authority previously handed down by this very Court directly prohibits the

"relief" sought by GEICO.  And, again, even if that were not the case, GEICO's purported expenses

as reported in its motion constitutes an exposition of apparently fraudulent billing and "fee

churning."

## I.  AFFIRMATIVE  AUTHORITY PROHIBITS ALLOCATION OF ATTORNEY'S FEES OR EXPENSES TO THE GEICO DEFENDANTS

GEICO's claim for fees and expenses is based solely upon federal statute 28 U.S.C. § 1927.

This statute provides for sanctions against attorneys "who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct."  *Id.*

GEICO argues in essence two "facts" entitle it to sanctions under this statute: (1) a complaint was filed; and (2) the complaint was not amended or voluntarily dismissed although Plaintiffs' counsel "knew" it was deficient.   These are both factually incorrect and legally insupportable grounds for sanctions.

The plain language of Section 1927 sets forth three requirements to justify an imposition of sanctions: (1) an attorney must engage in "unreasonable and vexatious" conduct; (2) such "unreasonable and vexatious" conduct must "multiply the proceedings"; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.  *Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1312 (M.D. Fla. 2002).

Sanctions under Section 1927 are imposed "only in instances of a serious and studied disregard for the orderly processes of justice." *Id.*

With respect to the first argument set forth by GEICO–that the Complaint should never have been filed in the first place because Plaintiffs knew it was frivolous–there is direct authority in contradiction of this position, as well as the contradictory facts.

The mere filing of a complaint <u>cannot</u> form the basis of sanctions under the statute. Sanctions are only applicable to conduct deemed vexatious and unreasonable which occurs subsequent to the initial filing: "A § 1927 fee award cannot be based on a frivolous complaint and only applies to unnecessary filings after the law suit has begun and does not apply to initial pleadings." *Noboa v. Sygma Network, Inc*., 2012 U.S. Dist. LEXIS 102629 (M.D. Fla. July 5, 2012) (magistrate report and recommendation, adopted, confirmed and approved in all respect at *Noboa v. Sygma Network, Inc.*, 2012 U.S. Dist. LEXIS 102636 (M.D. Fla. July 24, 2012).

The Plaintiffs do not in any fashion suggest the complaint filed was frivolous.   In entering its order of dismissal without prejudice, the Court did not determine the complaint was frivolous, either.  However, even if such had occurred, it would make no difference.  Under the clear authority previously set out by this Court, in reliance upon authority set forth by the Eleventh Circuit Court of Appeals, the mere filing of a complaint cannot occasion imposition of sanctions.

Which directly relates to the second "ground" for sanctions, the supposed obligation or duty to voluntarily dismiss or amend the complaint because Plaintiffs were aware it was without merit when filed, or at the latest, in January, 2015, when the Court issued an order in a separate case requiring amendment.

GEICO does not provide any authority whatsoever to support this argument.[1]   GEICO did not even cite the authority of the Middle District of Florida, which was directly on point (see above). The chronology of this case, and this Court's prior rulings, also show GEICO's arguments completely lack merit.

GEICO asserts the Plaintiffs simply should have known better than to file the complaint in the first place because two prior orders issued in MDL 2557 had already held identical complaints lacked merit.  This is not true.  No such orders had ever been entered when the complaint was filed on November 7, 2014, in Washington district court.  The only order entered in any case which existed at that time dealt with the separate cause filed in Florida, dealt specifically with pleading issues in the Florida complaint and did not address the merits of the claim.  See chronology attached hereto as Exhibit "1" and June  11, 2014, order attached hereto as Exhibit "2."

---

[1]As set forth in detail in Plaintiffs' separately filed Motion for Sanctions against GEICO counsel pursuant to Rule 11, each and every single authority cited by GEICO in the motion for sanctions is affirmatively misrepresented or fabricated.

In point of fact, MDL 2557 did not exist in June, 2014.  The MDL was not created until August 11, 2014, upon transfer to the Middle District of Florida the initial four cases by the Judicial Panel on Multidistrict Litigation.  GEICO counsel does not, though, explain how an order entered in a stand-alone case prior to the creation of an MDL can be attributed to another case which did not even exist at the time the order was entered.

The Court entered no other orders on any motions to dismiss until January 21, 2015, an order which did not apply to the Washington complaint, two and a half months _after_ the Washington complaint was filed.

However, the Court did issue an order on September 15, 2014, directing that all tag along cases be filed by October 31, 2014.  See copy of September 15, 2014, order attached hereto as Exhibit "3."  Pursuant to request of Plaintiffs, that deadline was extended.  See order of October 31, 2014, attached hereto as Exhibit "4."

In compliance with those orders, the Washington complaint was filed on November 7, 2014.

After filing the complaint, all actions taken by Plaintiffs save one were in response to actions taken by the Defendants, including GEICO.   Plaintiffs' only affirmative action was to file for a stay of all action on the then-outstanding motions to dismiss in all MDL cases until such time as the Court had reached a more definitive posture on the required contents of complaints.  This relief was specifically sought to _stop_ the repetitive rounds of motions, responses and replies.  See copy of Plaintiffs motion filed March 19, 2015, attached hereto as Exhibit "5."

GEICO objected to this motion.

The Court declined to grant the requested relief.  In doing so, however, the Court specifically noted that a ruling in one case did _not_ mean an identical ruling would be issued in others as each case

in the MDL was unique and should proceed independently.  See copy of April 3, 2015, order attached hereto as Exhibit "6."

Despite these events and orders, GEICO nevertheless argues Plaintiffs were under some obligation to refrain from filing the complaint in the first place, then to amend the Washington complaint based upon orders issued in separate cases (orders which either did not exist or did not apply to the Washington cause of action).

In other words, GEICO argues that sanctions should be awarded because Plaintiffs filed their complaint in compliance with the filing deadline issued by the Court, because Plaintiffs did not amend the complaint although Plaintiffs were acting in compliance with the Court's direction that each case was being handled discretely and one order in one case did not automatically apply to any other case, and because Plaintiffs took no action.

Again, GEICO provides no authority for its position that complying with court orders and doing nothing somehow constitutes unreasonable and vexatious multiplication of litigation.  As of the filing of this response, none of the Plaintiffs in any case in the MDL have had even the opportunity to actually pursue the litigation, given the only activity has been repetitive rounds of motions to dismiss.  It cannot be seriously argued the Plaintiffs or their counsel have unreasonably and vexatiously multiplied the proceedings when their only actions to date have been to respond to motions filed by the Defendants, including GEICO, and request that the motions treadmill be halted until such time as the Court made a definitive determination on pleading content.

Clear authority prohibits GEICO from pursuing sanctions based upon the mere filing of the complaint.  Facts prohibit GEICO from asserting Plaintiffs or counsel behaved in any manner even

remotely approaching the level of misconduct required for imposition of sanctions.  GEICO's motion

for sanctions is without both legal and factual merit and, respectfully, must be denied.

## II.  GEICO IS NOT PERMITTED TO REQUEST THE ENTIRETY OF ATTORNEY'S FEES EXPENDED IN THE LITIGATION

GEICO's motion is a request for sanctions.  As set out above, the parameters for sanctions

under the designated federal statute is narrow–it only applies to actions amounting to unreasonable

and vexatious multiplication of proceedings.  As also set out above, the Plaintiffs' only affirmative

actions taken in the Washington case were the filing of the complaint and a request for a stay of

activity so as to minimize the amount of proceedings, which cannot be categorized as multiplying

litigation.

Plaintiffs having done nothing but follow the orders of the Court, GEICO is clearly not

entitled to sanctions. GEICO points to no actions by the Plaintiffs or their counsel at all which

qualify as vexatious or unreasonable.  However, even if it did, GEICO would still not be entitled to

the sanctions it seeks.

Pursuant to the statute under which GEICO is proceeding, GEICO would only be entitled to

make a claim for sanctions for "the excess costs, expenses, and attorneys' fees reasonably incurred

because of such [unreasonable and vexatious multiplication of litigation] conduct."  28 U.S.C. §

1927.  See also *Jerelds,* 194 F. Supp. 2d at 1312, and *Johnson v. Zimmer Holdings, Inc*., 73 F. Supp.

3d 814, 819 (E.D. Ky. 2014)("Only "excess" costs incurred as a result of the multiplicative

misconduct are recoverable under Section 1927—not all of the attorneys' fees incurred by a litigant

in prosecuting or defending a case.")

GEICO submitted its billing records for every action or activity it purportedly took since not only the inception of this lawsuit but before it even began.  It does not limit its request for sanctions to any purported actions that would even arguably qualify as unnecessarily extending or multiplying the litigation.  GEICO is not and would never be entitled to sanctions in the form of attorney's fees for the entirety of the cost of litigation under 28 U.S.C. § 1927, only that portion to which GEICO can lay at the door of Plaintiffs' or counsel's misconduct.

However, GEICO did not identify a single action taken by Plaintiffs or their counsel that constitutes misconduct.  Instead, it relies upon the filing of the complaint itself (which the Middle District of Florida has previously, unequivocally stated cannot be the basis for sanctions under 28 U.S.C. § 1927) and the alleged "failure" to take action Plaintiffs were not required or compelled to take <u>and</u> which was based upon direction of the Court.

In the absence of identifying any misconduct whatsoever, much less improperly multiplying litigation in Washington, GEICO is not entitled to an award of any sanctions in any amount.

### III.  GEICO'S CLAIM FOR PURPORTED INCURRED FEES IS FRAUDULENT

In its motion for sanctions, GEICO alleges it was "forced" to incur over $41,000.00 in fees and expenses as a result of Plaintiffs' purportedly unreasonable and vexatious multiplication of litigation (including $10,000.00 for each of the seven identical motions for sanctions it filed for a total of an additional $70,000.00 above and beyond any work allegedly performed in any case).  The purported list of fees incurred includes multiple misrepresentations of fact, double billing, excessive billing and breaches of applicable standards.

GEICO's misrepresentations commence with its first billing entries.  According to GEICO counsel, it began analyzing the new Washington antitrust complaint <u>before it was even filed.</u>  See

Exhibit "B" to GEICO motion for fees and expenses.[2]  Even GEICO's "para-professionals" began billing to the case before the case even existed.

In total, GEICO attorneys allege they spent over eighty three (83) hours preparing a motion to dismiss the Washington complaint, including work by multiple attorneys and support personnel. However, the motion to dismiss filed by GEICO on February 20, 2015, was nearly identical to the motions it had filed in multiple other actions, sometimes repeatedly.  See GEICO motion/memorandum filed in the Tennessee Action on July 10, 2014, and motion/memorandum filed in the Indiana Action on October 3, 2014, attached respectively hereto as Exhibits "7" and "8."

In fact, a side by side comparison shows such little variation it appears the only changes GEICO made were to substitute "Washington" for "Indiana," which itself was merely a change from "Tennessee."[3]  This is so even when approaching state law causes of action, which quite often merely say because this claim was dismissed in Florida, it must also be dismissed here.  However, even were this not true, a review of GEICO's billing reveals a significant portion of its purported efforts were reported as dealing with antitrust issues, not state law.  See GEICO motion Exhibit "B."

GEICO provides no explanation whatsoever why over eighty hours and multiple attorneys were required to accomplish these changes to an existing piece of work.

Interestingly, in separate motions for attorney's fees filed in the California, New Jersey and Virginia Actions, GEICO claims to have incurred many thousands of dollars in costs for preparing

---

[2]Of note, GEICO counsel also claims to have analyzed the new cases in New Jersey, Virginia, Kentucky, California and Missouri before they were filed, as well.

[3]GEICO filed identical motions in multiple actions.  In order to illustrate the point without unnecessarily increasing the size and number of Exhibits, Plaintiffs do not attach all of them.  However, all GEICO's filings are available to the Court.

motions to dismiss in those actions, as well.  In California for instance, GEICO claims to have spent over fifty hours (50) preparing that motion to dismiss which, like all the others, is in every essential respect identical to the motions it had filed in Indiana, Tennessee, Washington, Virginia, New Jersey, among others.

GEICO counsel purportedly spent time on November 17, 2014, "working on local counsel assignment" then "conferring with local counsel" on December 17, 2014.  However, according to later billing the search for local counsel continued as of May 6, 2015.  See Exhibit "B" to GEICO motion, time entry dated May 6, 2015, by Stacey Velasquez Palmer.  GEICO seeks to be paid for conferring with local counsel months before such counsel was ever retained.

Of course, it is dubious as to whether such counsel was ever retained as the Washington docket does not show any entry of appearance on behalf of GEICO by anyone other than national counsel.  And by May 6, 2015, when GEICO was still purportedly searching for Washington local counsel, the Washington matter had already been transferred to the MDL in the Middle District of Florida and national counsel (Messers. Goldfine and Grabel) had already entered an appearance. Thus the retention of local counsel in Washington, if it occurred, to handle a matter which was no longer sited in a Washington district court, was an expense GEICO and its national counsel chose to make unrelated to the actual needs of the litigation or any action taken by the Plaintiffs.

In addition to vastly overbilling for copying and pasting work already prepared and filed in other cases, GEICO counsel is apparently attempting to charge Plaintiffs for the same work it double-, triple- or quadruple-billed its client.  For instance, on January 9, 2015, Seepan V. Parseghian entered 0.5 hours to "work on research memorandum regarding offer of judgment" in the California case.  Interestingly, on that same date, Mr. Parseghian also spent 0.5 hours to "work on

research memorandum regarding" something undisclosed but for which the remainder of the entry was clearly redacted in California, Virginia, Missouri, Kentucky, and both New Jersey actions.  It would appear Mr. Parseghian either spent three and a half hours on offers of judgment (which is surely enough time to research everything that has ever been published about offers of judgment) or he spent half an hour on the issue and billed for the same thirty minutes on seven different case files.  Such entries appear repeatedly in the billing records GEICO counsel attached to the numerous motions for fees that it filed.

The alternative to those theories is that undisclosed work was performed for undisclosed purposes but billed to GEICO.  GEICO's billing is riddled with mysterious entries giving no indication of the work performed or that it was in any way related to the Washington matter.  For instance, GEICO bills for "attend ___ call" repeatedly, and "work on memo regarding" without further explanation.

GEICO also attempts to collect thousands of dollars for multiple attorneys performing the same task.  For instance, GEICO counsel billed for three different attorneys to "review report and recommendation" issued by Magistrate Judge Smith on June 3, 2015, and four different attorneys all purportedly preparing, revising and otherwise fluffing GEICO's objection to that report and recommendation.  Not just four different attorneys performing the same task but four different attorneys performing the same task at the same time.  See GEICO time entries for June 19, 2015, through June 24, 2015, Exhibit "B" to GEICO motion.  As it turns out, GEICO never even filed any such document.

Of course, even had GEICO counsel filed the objection it had four different attorneys working on at the same time for multiple hours over the course of multiple days, such would make

no difference.  The preparation of GEICO objections would be in response to an action of the Court (not Plaintiffs or their counsel) which in turn was acting upon the motion of GEICO's counsel (not Plaintiffs or their counsel) among other defendants.  Using GEICO counsel's logic, the Court would be required to sanction itself for issuing the report and recommendation.

The billing record submitted by GEICO's counsel is riddled with entries such as the above. In the event the Court determines sanctions are applicable, Plaintiffs and their counsel respectfully request the Court compel GEICO's counsel to provide full and accurate reporting of activities, to connect each and every billing entry to a specific action taken by Plaintiffs or their counsel with a complete description of how said action constitutes an unreasonable and vexatious multiplication of litigation.  As presented, neither Plaintiffs nor the Court can determine exactly what Plaintiffs' purportedly did wrong, nor how such actions constituted improper conduct subject to sanctions, nor how much of the ordinary costs of litigation can be attributed to alleged improper conduct.

## SUMMARY

In the end, GEICO's motion for sanctions is completely without merit.  GEICO failed to identify any actions which even arguably meet the high standard of misconduct necessary for the imposition of sanctions.  GEICO failed to identify any fees or expenses which can be connected to the unarticulated misconduct.  GEICO submitted demonstrably questionable billing records. Plaintiffs respectfully submit GEICO's motion for attorney's fees must be denied.

Respectfully submitted, this the 3rd day of November, 2015.

**HAURY'S AUTO BODY, INC., ET AL.**

BY:   **Allison P. Fry**
         John Arthur Eaves, Jr.
         Allison P. Fry
         Attorneys for Plaintiffs

John Arthur Eaves Law Office
101 N. State Street
Jackson, MS 39201
Telephone:   601.355.7961
Facsimile:   601.355.0530
Email:      allison@eaveslaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Plaintiffs Response to Motion for Attorneys Fees and Expenses* was filed electronically on the 3rd day of November, 2015, and will be served upon all ECF-registered counsel by operation of the Court's electronic filing system. Parties and counsel may access this filing through the Court's system.

This the 3rd day of November, 2015.

BY:   /s/ Allison P. Fry
         Allison P. Fry, Esq.